Second Department. October 12, 1906.) Action by Van Mater Stilwell against Mabel L. Bethel. No opinion. Order affirmed, with $10 costs and disbursements.

STORM et al., Appellants, v. McGROVER et al., Respondents. (Supreme Court, Appellate Division, First Department. July 12, 1906.) Action by Theresa Storm and others against Sophie McGrover and others. E. Cohn, for appellants. R. H. Barnett, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

STRONG. Appellant, v. NEW YORK & N. J. TELEPHONE CO., Respondent. (Supreme Court, Appellate Division, Second Department. July 24, 1906. Action by Emily B. Strong against the New York & New Jersey Telephone Company.

PER CURIAM. Judgment of the Municipal Court affirmed, with costs.

WOODWARD and MILLER, JJ., dissent.

SUCHANEK, Appellant, v. NEW AMSTERDAM GAS CO., Respondent. (Supreme Court, Appellate Division, Second Department. June 8, 1906.) Action by John Suchanek, as administrator, etc., of Anton Suchanek, deceased, against the New Amsterdam Gas Company. No opinion. Judgment unanimously affirmed, with costs.

SUMMERWELL, Appellant, v. ROCHESTER HERALD CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 23, 1906.) Action by Edward K. Summerwell against the Rochester Herald Company. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs.

SUNDERLAND, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 15, 1906.) Action by Marguerite Sunderland against the Brooklyn Heights Railroad Company. No opinion. Motion denied.

SURIANI, Appellant, v. GRIFFIN et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 12, 1906.) Action by Philip Suriani against Samuel Griffin and others. No opinion. Motion to dismiss appeal denied, without prejudice to the right of the respondents to renew, unless the appeal is perfected and the case is placed on the calendar of this court for argument.

TALBOT, Respondent, v. GOODWIN, Appellant. (Supreme Court, Appellate Division, First Department. June 15, 1906.) Action by Ashton B. Talbot against Harry B. Goodwin, impleaded, etc. J. C. Oldmixon, for appellant. P. L. Klock, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

TAW, Respondent, v. MICHELSON, Appellant. (Supreme Court, Appellate Division, Second Department. July 24, 1906.) Action by Joseph Taw against Michael Michelson. No opinion. Judgment of the Municipal Court affirmed, with costs.

THADDEUS, Respondent, v. GOULD, Appellant. (Supreme Court, Appellate Division, First Department. July 12, 1906.) Action by Henry J. Thaddeus against Katherine Gould. A. H. Kaffenburgh, for appellant. J. H. Corwin, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

THOMPSON, Respondent, v. SUPREME TENT OF KNIGHTS OF MACCABEES OF THE WORLD, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 1, 1906.) Action by Oscar D. Thompson against the Supreme Tent of the Knights of the Maccabees of the World.

PER CURIAM. Judgment and order reversed and new trial ordered, with costs to the appellant to abide event upon questions of law only; the facts having been examined, and no error found therein. See Jumper v. Sovereign Camp Woodmen of the World, 127 Fed. 635, 62 C. C. A. 361.

SPRING, J., not sitting.

(50 Misc. 609)

In re THOMPSON'S WILL. (Surrogate's Court, Kings County. May, 1906.) In the matter of the probate of the last will and testament of Edwin E. Thompson, deceased. See 100 N. Y. Supp. 492. Ira J. Dutton, for proponent.

CHURCH. S. Since writing the second opinion herein, counsel for the proponent has submitted an additional brief, and contends that the authorities therein cited establish that the will and codicils should be admitted to probate. A careful examination of the cases does not, however, justify such contention. The case of Decker v. Waterman, 67 Barb. 460, did not arise on probate, but was an action between legatees to a will to have judicially determined the extent of the estate of the deceased. Although the situation was radically different from the case at bar, yet the court considered the legal proposition in regard to actual and constructive undue influence, and the decision rendered was on all fours with the previous decisions therein; using the following language (page 466): "The fact that such a relationship exists does not prevent the principal from making a voluntary donation to his agent and attorney. The same is not absolutely prohibited by the rules of law. But when it is established that such a relation exists between the donor and donee, then, before the validity of the gift will be upheld, it must be made to appear that the transaction was unaffected by fraud of any description whatever, either actual or constructive. The burden of proof rests on the donee, to establish its perfect fairness and propriety. * * * If such proof cannot be given, then the case will be treated as one of constructive fraud, and set aside." Reference is also made to the case of Matter of Sheldon (Sur.) 16 N. Y. Supp. 454. This latter case has a lengthy opinion by the surrogate of Madison county, which is devoted to a careful discussion of the facts of that case. No reference is made to any decisions therein, however, and it cannot be said to indicate any intention

on the part of the surrogate to decline to follow the doctrine of Marx v. McGlynn, 88 N. Y. 357, to distinguish or to modify the same, as in the statement of the legal principles there seems a complete recognition of the rules of that case. The law, therefore, is exactly as stated previously, and the sole question is one of fact as to whether the proponent has successfully borne the burden of rebutting the presumption of undue influence. The effect of the evidence having been heretofore discussed, there is no necessity for repeating the same.

THYSON, Appellant, v. THYSON et al., Respondents. (Supreme Court, Appellate Division, First Department. July 12, 1906.) Action by Emily F. Thyson against Frederick C. Thyson and others. P. Cook, for appellant. P. S. Dean, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

THYSON v. THYSON. (Supreme Court, Appellate Division, First Department. October 12, 1906.) Action by Emily F. Thyson against Frederick C. Thyson. No opinion. Motion denied, with $10 costs. Order filed.

In re TIFFANY'S ESTATE. (Supreme Court, Appellate Division, First Department. July 12, 1906.) In the matter of Charles L. Tiffany's estate. W. H. Page, Jr., for appellant Burnett Y. Tiffany. C. W. Gould, for respondents Louis C. Tiffany and others. No opinion. Decree affirmed, with costs. Order filed.

In re TITLE GUARANTY & TRUST CO. et al. (Supreme Court, Appellate Division, Second Department. October 12, 1906.) In the matter of the judicial settlement of the account of proceedings of the Title Guaranty & Trust Company and others, as executors, etc. No opinion. Motion to resettle order granted.

TIVNAN, Respondent, v. KEAHON, Appellant. (Supreme Court, Appellate Division, First Department. June 25, 1906.) Action by Patrick Tivnan against Patrick H. Keahon. F. E. Fishel, for appellant. J. E. O'Brien, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

TIVNAN v. KEAHON. (Supreme Court, Appellate Division, First Department. October 12, 1906.) Action by Patrick Tivnan against Virginia Keahon, as administratrix. No opinion. Motion denied on payment of $10 costs. Order filed.

TODD, Appellant, v. MUNICIPAL TELEGRAPH & STOCK CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. October 3, 1906.) Action by Luzerne A. Todd against the Municipal Telegraph & Stock Company.

PER CURIAM. Judgment affirmed, with costs.

McLENNAN, P. J., and KRUSE, J., dissent, upon the ground that the course of dealing between the parties conclusively establishes that they were engaged in gambling transactions.

TORGESON v. SCHULTZ. (Supreme Court, Appellate Division, First Department. June 8, 1906.) Action by Done Torgeson against Carl H. Schultz. No opinion. Motion granted. Order filed.

TRAIN, Respondent, v. GULAGER, Appellant. (Supreme Court, Appellate Division, First Department. June 20, 1906.) Action by Eliza W. Train against George F. T. Gulager, impleaded. R. A. Irving, for appellant. Mr. Gaillard, for respondent. No opinion. Judgment affirmed, with costs.

In re TRINITY AVE. (Supreme Court, Appellate Division, First Department. June 20, 1906.) In the matter of Trinity Avenue. No opinion. Motion denied, on payment of $10 costs; leave given as stated in order. Order filed.

In re TRINITY AVE. (Supreme Court, Appellate Division, First Department. October 12, 1906.) In the matter of Trinity Avenue. No opinion. Motion granted, unless appellant comply with conditions stated in order. Order filed.

TRUST CO. OF NEW YORK. v. UNIVERSAL TALKING MACH. CO. (Supreme Court, Appellate Division, First Department. July 12, 1906.) Action by the Trust Company of New York against the Universal Talking Machine Company. F. Cochran, for appellant. G. Lange, Jr., for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

TUCKER, Appellant, v. DUDLEY, Respondent. (Supreme Court, Appellate Division, Second Department. June 22, 1906.) Action by Edwin H. Tucker against Eugene B. Dudley. No opinion. Motion denied.

TURNBULL, Respondent, v. PRESIDENT, ETC., OF VILLAGE OF OSSINING. Appellants. (Supreme Court, Appellate Division, Second Department. October 5, 1906.) Action by Mabel Turnbull against the president and trustees of the village of Ossining. No opinion. Judgment and order of the County Court of Westchester County unanimously affirmed, with costs.

UNITED STATES CASUALTY CO., Appellant, v. SHERIDAN, Respondent. (Supreme Court, Appellate Division, First Department. October 19, 1906.) Appeal from Special Term, New York County. Action by the United States Casualty Company against Theresa A. S. Sheridan. From an order denying a motion for inspection of books and papers, plaintiff appeals. Reversed, and motion granted. Carl Schurz Petrasch, for appellant. Raphael Link, for respondent.

PER CURIAM. The plaintiff appeals from an order denying a motion for the inspection of certain of defendant's books and papers for the purpose of enabling the plaintiff to frame its complaint. The facts are similar to those presented in Fidelity & Casualty Co. v. Seagrist, 79 App. Div. 614, 80 N. Y. Supp. 277, and